Battle, J.
 

 The defendant’s counsel prayed, the Court for special instructions to the jury in three several particulars. The first was given
 
 ;
 
 and of that tire defendant has no right to complain . The second was refusedand if the defendant was entitled to it in law, the refusal to give it was error, even though the general charge was of itself unexceptionable, as has been several times decided by this Court.
 
 State
 
 v.
 
 O’Neal, 7
 
 Ire. Rep. 251. The use of a road, as a public highway for twenty years, will authorize a jury to presume its dedication to that purpose
 
 ;
 
 and the general charge of the Court recognizing that principle is fully sustained by the cases of
 
 Woolard
 
 v.
 
 McCulloch,
 
 1 Ire. Rep. 432
 
 ; State
 
 v.
 
 Marble,
 
 4 Ire. Rep. 318 ;
 
 State
 
 v.
 
 Hunter, 5
 
 Ire. Rep. 369. But the defendant’s witnesses swore that it never had been used or considered in the neighborhood as a public road ; that it never had been worked on as such ; that its location had been several times changed by the persons over whose lands it ran; and that it had been used only by passengers on foot and horseback, and was nearly impassable for wheel vehicles. If this testimony was true, it rebutted rather than supported the presumption of the road’s being a public one. Why then did not his Honor so charge the jury ? His refusal must have been for the reason, either that the desired instruction was not supported by law, or that it was rendered unnecessary by his general charge. That it was in accordance with law there can be no doubt; and that it was not rendered unnecessary by the general charge will be made evident by a moment’s reflection. That charge, in the terms in which it was given, tended to direct the attention of the jury more to the testimony introduced by the State than to that offered by the defendant; and to leave the impression upon them that the Judge thought the State entitled to their verdict. This
 
 *249
 
 the defendant had a right to have corrected ; and if his instruction had been given, then the views of both parties would have been* distinctly presented to the jury, and they would have been compelled to decide between the parties, without the possibility of having been misled by the supposition that the Court favored one more than the other. The refusal to give the instruction tended still further to prejudice the jury against the case of the defendant, by leading them to suppose that it was not sustained in fact, or was against law. This was a palpable violation of the Act of 1796, (1 Rev. Stat. ch. 31, sec. 136,) which forbids' a Judge from giving an opinion whether a fact is fully or sufficiently proved, but declares it to be his duty to state, in a full and correct manner, the facts given in evidence, and to declare and explain the law arising thereon. Hence it is settled, that if there be
 
 no. testimony
 
 sufficient to establish a fact, it is the duty of the Judge to say so ; but if there be
 
 any testimony
 
 tending to prove the fact, he must leave its weight to be determined by the jury,-while he declares and explains its effect in law. The principles herein stated will be found decided or referred to in the following, among other cases:
 
 Reed
 
 v.
 
 Shenck, 2
 
 Dev. Rep. 415 ;
 
 State
 
 v.
 
 Moses,
 
 Ib. 452
 
 ; Simpson
 
 v.
 
 Blount,
 
 3 Dev., Rep. 34 ;
 
 McRae
 
 v.
 
 Evans,
 
 1 Dev. & Bat. Rep. 243 ;
 
 State
 
 v.
 
 Scott,
 
 2 Dev.
 
 &
 
 Bat. Rep. 35;
 
 Horney
 
 v.
 
 Craven,
 
 4 Ire. Rep. 513;
 
 Bynum
 
 v.
 
 Bynum,
 
 11 Ire. Rep. 632 ;
 
 Hice
 
 v.
 
 Woodard,
 
 12 Ire. Rep. 293 ;
 
 Avery
 
 v.
 
 Stephenson,
 
 Ib. 34 ;
 
 Bailey
 
 v.
 
 Pool,
 
 13 Ire. Rep. 404.
 

 As the defendant is entitled to a new trial on account of the refusal,. of the Judge to give the second instruction which he prayed, we have not considered particularly the propriety of the third ; but we are inclined to think that it is untenable, and that his Honor properly refused to give it.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo
 
 ordered.■